STATE BAR GRIEVANCE ADMINISTRATOR v BESSMAN

Docket No. 57845. Argued February 1, 1977 (Calendar No. 1).—Decided August 29, 1977.

Sheldon M. Bessman was reinstated to the practice of law in 1972 by a hearing panel of the State Bar Grievance Board on a finding that since his license to practice was revoked in 1963 by order of the Oakland Circuit Court, James R. Breakey, Jr., John C. Dalton, and Donn D. Parker, JJ., the respondent's conduct had been exemplary and above reproach. After the reinstatement another hearing panel dismissed a complaint which alleged that the respondent had failed in his petition for reinstatement to disclose certain conduct in Kansas which amounted to embezzlement of his employer's funds on the ground that the finding of the first panel that the respondent's conduct has been above reproach was res judicata. The State Bar Grievance Board reversed the decision of the second hearing panel and revoked the respondent's license to practice law, citing findings in *Bessman v Bessman,* 520 P2d 210 (Kan, 1974). Respondent appeals. *Held:* The decision of the State Bar Grievance Board is reversed.

Chief Justice Kavanagh, joined by Justices Levin and Fitzgerald, wrote that:

1. It is apparent from an examination of the record before both hearing panels as well as the opinion by the Kansas Supreme Court that the respondent did not conceal anything about his conduct. He acknowledged all of the facts dealt with in the Kansas opinion claiming that what he admitted doing was justified and not improper conduct. The Kansas trial court agreed with the respondent—the appellate court did not.

2. The conclusion of the first hearing panel that the merits of the dispute were the proper subject for resolution in a civil suit then pending between the parties and not a proper matter for the panel considering the application for reinstatement was never appealed. The second hearing panel was correct in con-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 7 Am Jur 2d, Attorneys at Law §§ 70–72.

Reinstatement of attorney after disbarment, suspension, or resignation. 70 ALR2d 268.

cluding that it was res judicata. The decision of the State Bar Grievance Board is reversed and the order dismissing the complaint is reinstated.

Justice Blair Moody, Jr., joined by Justices Coleman and Ryan concurred in the result but wrote that the question is whether the respondent intentionally failed to disclose material facts in connection with his petition for reinstatement, not whether the decision of the first hearing panel was res judicata. At the time the respondent appeared before the first hearing panel he viewed himself as a plaintiff claiming back wages in the Kansas case and acknowledged the facts and circumstances surrounding the litigation. He could not fairly have been expected to anticipate then the decision of the Kansas Supreme Court two years later.

Justice Williams concurred in reversal solely on the grounds of res judicata. The first hearing panel decided that the charges of the respondent's misconduct had no merit and should not be considered in reaching a decision on the petition for reinstatement. That decision was never appealed by the State Bar Grievance Administrator, who cannot now make a new case of it.

Reversed.

OPINION OF THE COURT

1. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—PETITION FOR REINSTATEMENT—RES JUDICATA.

A conclusion of a State Bar Grievance Board hearing panel which granted a petition for reinstatement to the State Bar, that the merits of a dispute involving the petitioner's conduct since his discipline were the proper subject for resolution in a civil suit between the parties and not a proper matter for the hearing panel, which was never appealed, was res judicata and a complaint against the petitioner involving the same dispute was properly dismissed by a second hearing panel which concluded that there had been no fraud perpetrated on the first hearing panel by the petitioner (State Bar Rule 15, § 7).

CONCURRING OPINION BY BLAIR MOODY, JR., J.

COLEMAN and RYAN, JJ.

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—PETITION FOR REINSTATEMENT.

A petitioner for reinstatement to the State Bar could not fairly have been expected to anticipate that litigation in which he

*was the plaintiff seeking back wages would result two years
later in a decision of the Kansas Supreme Court which labeled
certain aspects of his employment performance as that of a
faithless servant and reduced the number of work weeks for
which he was entitled to compensation.*

CONCURRING OPINION BY WILLIAMS, J.

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—PETITION
   FOR REINSTATEMENT—RES JUDICATA.

   *A conclusion by a State Bar Grievance Board hearing panel
   which granted a petition for reinstatement to the State Bar,
   that the merits of a dispute involving the petitioner's conduct
   since his discipline were the proper subject for resolution in a
   civil suit between the parties and not a proper matter for the
   hearing panel, which was never appealed, was res judicata and
   a complaint against the petitioner involving the same dispute
   was properly dismissed by a second hearing panel (State Bar
   Rule 15, § 7).*

*Eugene N. LaBelle,* Associate Counsel to State
Bar Grievance Administrator.

*Mitchell L. Bacow* for respondent.

KAVANAGH, C. J. This is an appeal from an
order of the State Bar Grievance Board revoking
the decision of Hearing Panel Number 11 that the
complaint against the respondent should be dis-
missed, revoking respondent's license to practice
law.

Respondent was disbarred in 1963. In 1972 his
petition for reinstatement was referred to State
Bar Hearing Panel Number 19 (Wayne County).
After taking testimony and hearing argument,
that panel ordered respondent reinstated to the
practice of law. By concluding that respondent met
the eligibility requirements of § 7, Rule 15 of Rules
concerning the State Bar of Michigan the panel
found, *inter alia,* that respondent's "conduct since

the discipline has been exemplary and above reproach".

In the spring of 1974, respondent's aunt requested the State Bar Grievance Administrator to investigate respondent. She alleged that respondent had failed to disclose certain conduct to Hearing Panel 19 and thereby fraudulently induced that panel to approve his reinstatement.

This request was made the basis of a formal complaint which was assigned to Wayne County Hearing Panel Number 11, in 1975.

That panel concluded that there had been no fraud perpetrated on Panel Number 19 and dismissed the complaint.

On appeal by the Administrator, the State Bar Grievance Board reversed this decision.

The basis for the decision of Hearing Panel Number 11 is set forth in its report and findings of fact which says, in pertinent part:

"1. Respondent resigned from the State Bar of Michigan in September, 1963.

"2. He was reinstated upon hearing before Wayne County Grievance Panel Number 19, on September 19, 1972.

"3. Such reinstatement was based upon representations that respondent claimed that his conduct between resignation and reinstatement was 'above reproach'.

"4. Respondent did not disclose at such hearing collection and use of funds paid by suppliers to him as commission, rebates, discounts, or similar concessions on purchases of materials and services made by him on behalf of his employer.

"5. At the hearing of September 19, 1972, a witness attempted to testify regarding improper withholding by respondent of money of this witness.

"6. The Chairman of the Wayne County Hearing Panel Number 19 ruled that the panel was not concerned with 'embezzlements'.

"7. Said hearing panel recommended reinstatement.

"8. No appeal was taken from the determination and order of such panel.

### *"Conclusions of Law*

"A. The questions raised in the formal complaint of this proceeding were matters of concern in the hearing before Wayne County Hearing Panel Number 19 on September 19, 1972.

"B. No showing has been made in this proceeding that the testimony of the witness offered to Hearing Panel Number 19, and other evidence in connection therewith, was not available at the time of such hearing.

"C. The determination of Hearing Panel Number 19 that 'embezzlements' were not of concern in connection with the reinstatement of respondent was a determination of the issue presented to this panel.

"D. Such determination is res judicata of the issue.

"E. The formal complaint herein is not an appropriate method to attempt to re-try an issue before Wayne County Hearing Panel Number 19."

The reasons for its reversal of the panel's decision are set forth in the opinion of the grievance board:

"In this complaint, the State Bar Grievance Administrator charges that the respondent deliberately failed to disclose material facts in his application for re-admission to the State Bar and that he engaged in conduct involving dishonesty, deceit and misrepresentation while employed as a manager of a hotel and restaurant in the State of Kansas from August 21, 1970 to January, 1972.

\* \* \*

"Our review of the record can lead to but one conclusion: the overwhelming weight of the evidence demonstrates that respondent failed to disclose facts which were manifestly material to his application for re-ad-

mission. The five transactions involved dishonesty, fraud and deceit.

\* \* \*

"Wayne County Hearing Panel No. 19[1] rested its decision upon application of the rule of *res judicata.* This board must disagree with that determination. The five transactions cited in the complaint simply were never adjudicated on the merits in the 1972 proceedings, and the reason they were not rests with respondent's concealment of those transactions. The doctrine of *res judicata* in any event is totally inapplicable to the charge of failure to disclose material facts."

It is obvious that the grievance board based its decision on the conclusion that the respondent "failed to disclose" facts regarding the transactions between respondent and his cousin. These facts formed the basis for the decision in *Bessman v Bessman,* 520 P2d 1210 (Kan, 1974), wherein the Kansas Supreme Court unanimously adopted the determination of their commissioner that respondent was a "faithless servant" in his dealings with his cousin David and complainant Aunt Iris.

From our examination of the record of the proceedings before Hearing Panel Number 19 we are satisfied that the board erred.

Panel 19, in its report and findings of facts said in part:

"10. The petition was assigned to Wayne County Hearing Panel No. 19 of the State Bar Grievance Board for investigation, hearing and report thereon pursuant to the Supreme Court Rules concerning the State Bar Grievance Board. The hearing thereon was held on September 19, 1972 at 1:30 p.m., at 600 Woodward Avenue, Law Center Building, Detroit, Michigan 48226. Petitioner intends to go back to the practice of law if he

---

[1] So in the opinion. Hearing Panel No. *11* is clearly the one intended here.

is reinstated. The Probate Judge for Wayne County, a Circuit Judge from Oakland County, an attorney, a bank president and another individual wrote letters on behalf of the respondent and felt that he would be a credit to the bar if he is reinstated and vouch for his character. Mr. David Bessman, a first cousin of the petitioner, appeared in opposition to the petition and after being sworn, testified petitioner owed him money he had advanced and also owed monies on a judgment obtained by one Sam Lewis (a first cousin of both the respondent and David Bessman), and further stated that some of the monies were embezzled, but at the end stated that if the petitioner paid the sums of money, he would have no objection to the petition for reinstatement, which leaves this panel to believe that David Bessman was attempting to use the grievance board as a collection agency. The petitioner denied any improper dealings on his part and stated, in fact, that he had commenced suit against David Bessman and that David Bessman had filed an answer to the suit and also that David Bessman had commenced suit against the petitioner in Oakland County Circuit Court and had served petitioner with summons in the waiting room office of the grievance board just prior to this hearing. In view of the foregoing and the fact that the controversy between the petitioner and David Bessman is now in litigation, the majority of the panel has decided that objections by David Bessman had no merit and should not be considered in reaching our decision."

It is apparent from an examination of the record before both hearing panels as well as the opinion in *Bessman v Bessman, supra,* that the respondent did not conceal anything about his conduct.

He acknowledged all of the facts involving the five matters dealt with in the Kansas opinion claiming that what he admitted doing was justified and not improper conduct.

The Kansas trial court agreed with the respondent—the appellate court did not. The matter was

not concealed from Hearing Panel 19, but on the contrary was brought to its attention.

Its conclusion that the *merits* of that dispute were the proper subject for resolution in the civil suit then pending between the parties and not a proper matter for the panel considering the application for reinstatement was never appealed.

We are satisfied that Panel 11 was correct in concluding that it was res judicata.

Accordingly we reverse the decision of the grievance board, reinstate the order of Panel 11 dismissing the complaint and award costs to respondent-appellant.

Levin and Fitzgerald, JJ., concurred with Kavanagh, C. J.

Blair Moody, Jr., J. *(concurring in result).* Based upon a review of the record and the facts available to the respondent at the time Hearing Panel 19 convened in 1972, I concur in the result of the majority.

The question before the Court is whether the respondent intentionally failed to disclose material facts in connection with his petition for reinstatement of his license to practice law, not whether the decision of Hearing Panel 19 was res judicata as to a later determination by Hearing Panel 11.

In October, 1972, when Hearing Panel 19 reinstated respondent's privilege to practice law, the trial in Kansas over the disputed funds had not yet begun. Not until December of that year did the Kansas trial court render its decision in favor of the respondent. Furthermore, the Kansas Supreme Court did not issue its opinion reversing the decision of its trial court until April of 1974.

At the time respondent appeared before Hearing

Panel 19 he viewed himself as a plaintiff in the Kansas case, claiming back wages from his cousin and, as such, he acknowledged the facts and circumstances surrounding the Kansas litigation. He could not fairly have been expected to anticipate then the decision of the Kansas Supreme Court two years later labeling certain aspects of his employment performance as that of a "faithless servant" and reducing the number of work weeks for which he was entitled to compensation.

COLEMAN and RYAN, JJ., concurred with BLAIR MOODY, JR., J.

WILLIAMS, J. *(concurring in part)*. I concur in reversal solely on the grounds of res judicata. The 1972 hearing was presented by David Bessman with the general charge of respondent's misconduct as manager of a hotel and restaurant in El Dorado, Kansas, including some of the specific items of misconduct in the 1975 formal complaint. The 1972 hearing panel rightly or wrongly "decided that objections by David Bessman had no merit and should not be considered in reaching our decision". This decision was never appealed by the State Bar Grievance Administrator, who cannot now make a new case of it.